several law students and a faculty member from Boston University Law School. You'll be seeing the arguments, so welcome. And everybody else who's here, good to see you back in person after several virtual arguments. For those who've never been in the courtroom, I'll just do a two-minute introduction. This is, I see it's a reproduction of how the court would have looked in 1940. And if you look there, there's like, those are heating ducts. There's no heating system here. There's no cold winter. But the architects built them just like they were in the specifications. So, aside from that, I just want to welcome back Judge Thompson and welcome Judge Montecalvo. This is her first sitting in Puerto Rico, the first of many, and I look forward to sitting many more times with both. And thank you very much. So let's officially start doing the calendar cases. Thank you, Judge. Today's cases will be called as previously announced, and the times will be as allotted to counsel. The first case today is number 21-1661, United States v. Fernando Santiago Lozada. At this time, would Attorney Castro Lang please introduce himself on the record to begin? Good morning, your honors. Attorney Rafael Castro Lang, I'm court-appointed counsel for Appellant Santiago Lozada. Yes, and I would like to state the honor that I feel being able to argue my first case before Judge Helpe and Judge Montecalvo. And I hope you will be both an asset to this court. Now- Thank you. The main issue in this case is whether or not, I would, excuse me, I would like to reserve two minutes for rebuttal, if possible. Thank you. Your honor, the main issue in this case is whether or not the judge at sentencing justified imposing a higher variance sentence for conduct that was already taken into account when the guidelines computation were established. The case law of this case, Santiago Rivera, 919 Federal 3rd at page 85, establishes that when a court imposes a variance sentence of factors that have already been taken into consideration in the guideline computation, it must justify the higher variance sentence. That did not occur in this case. And that failure constitutes procedural error, okay? And- And let me ask you, the sentence for the two carjackings, counts one and seven, you're not, the variance is not asked for that. The variance is actually asked for the, counts two and the 924- Yeah, when he added- That's the one you're confessing specifically. I added two years. But, but, Gall requires the court to consider all of the circumstances that 3553A need to be addressed. So, as part of the argument that the sentence is unreasonable, the court can take into account that although the parties recommended a 63 months at all end of the guideline, the court imposed a higher end. Then, obviously that's a factor that you also compute when you add the variant 24 months on the gun count. So, I think you have to have a holistic approach. The judge decided to go upper range, but it's higher. And then, aside from that, for the other count, he gives a variance. So, it's a much higher sentence recommended. Not only recommended, but here the problem is, is that the offense conduct was already taken into account when the guidelines were computed. If we examine the PSR, the guidelines counts one and seven, which are the carjacking counts, were joined. So, brandishing was taken into account on both carjackings. He received a five level increase for brandishing in a firearm. When the guideline was computed was a base offense level of 20, violence was taken into consideration in getting to the 20 level guideline. In addition to that, that two levels for having committed a carjacking, five levels for brandishing, four levels for kidnapping, and the grouping added two more levels. So, there was already a higher sentence on the grouping taken into account when counts one and seven were joined. We submit to the court that if you read the sentence, the court basically narrated the offense conduct that the guidelines had already taken into account. So- So, assuming the district court felt that the guidelines didn't adequately reflect the seriousness, et cetera, as the court said, is it your position that there should have been a greater explanation of the variance? Well, he failed to provide the procedural error that I think is patent in the sentence in which the government in their brief failed to address in any manner, simply mentioned it in a perfunctory manner. The problem is that when you have that all of the offense conduct is taken into account when the guideline was computed, your case law states that the judge has to state in the record why the higher variance sentence is justified. And that means that he has to establish that Santiago Lozada's conduct was different from the ordinary carjacking cases that would justify him saying that although he understood that the PSR correctly computed the guidelines, he felt that he needed to impose a higher sentence. That failure, I submit to the court, is procedural error that warrants remand for abuse of discretion. But there's more to this than that. Do you agree that we're on plain error review here? Excuse me? Do you agree that we're on plain error review here on this issue? Well, yeah, when the attorney requested reconsideration, he emphasized the mitigating factors, which is another matter that is under appellate review under abuse of discretion standard.  And that the judge needed to express what made his case different from ordinary carjacking cases. That is where this case is, there's error in this case. So that meets the plain error standard. Okay. That meets the plain error standard. I've cited cases similar that have found plain error in how the error is clear because this court has established previously that when you impose a higher sentence, you need to justify why the conduct is different from ordinary carjacking cases. Let me add that when you're saying it's different from ordinary carjacking cases, here there's two separate carjackings. Can't the judge consider that? I believe he did and say, well, this is not just a run-of-the-mill simple carjacking. This is a pattern of carjacking. I'm gonna go up. Well, with all due respect, that means the guiding principle in sentences is that the judge should sentence a sentence that is sufficient, but not greater than necessary. And the boundaries of not greater than necessary, I believe still need to be established. And in my position is that he exceeded the not greater than necessary boundary established by the statute. But once again, are you saying that there was inadequate explanation? I mean, is that what it comes down to? Oh, that was error. Is it more than that? I guess as a court, we've been struggling, as you know, with what all of this means. Sure, there's more than that. Why? Because we need to look at what he was being punished for in the guidelines. In this case, there were no physical injuries in any of the two carjackings. And then- Well, there were no physical injuries, but they were still accomplished by virtue of brandishing a weapon. And the second victim was thrown in the car and transported. Yes, and he received five levels for brandishing, four levels for kidnapping. So all that conduct falls into the ordinary cases of carjackings that are already being considered when the guidelines were computed. In this case, you have a second factor that affects the examination of what the judge did. There are substantial mitigating factors, no one was physically injured. The defendant was 20 years old. He had cognitive problems, had been institutionalized for suffering from hallucinations. He was high on the day that the carjackings occurred. He was opiate dependent. So there were multiple, Your Honor, multiple factors. And this is a first-time offender also, 20 years old, first-time offender. And I submit to the court, yeah, where are the boundaries, sufficient but not greater than necessary? That's in the statute. And those boundaries need to be identified more clearly because I submit that this 123 months recommendation was sufficient but not greater than necessary. Your Honor. I don't want to intrude on Judge Helfie's domain here, but I think your time is up. Yes, you have two minutes for rebuttal. Let's hear for counsel for the government. Your Honor, the... No, your time is up. Should I stop? Yes, stop, and then you're gonna have rebuttal. Okay, I have rebuttal. Thank you, Your Honor. At this time, would Attorney Conner please introduce himself on the record to begin? Good morning. May it please the court, Greg Conner for the government. We're asking the court to affirm the sentence, and if it's okay with the panel, I'm gonna start by drawing on this court's decision in Ortiz-Perez. The two cases are identical in key ways. So we think Ortiz-Perez is going to guide and govern a substantial portion of this court's decision. So in Ortiz-Perez, the defendant pleaded guilty in a plea agreement to two carjacking counts and a 924C count. The defendant was charged in Ortiz-Perez with the 924C count that comes with the seven-year minimum term of imprisonment. But that defendant pleaded to the lesser 924C that comes with a five-year term of imprisonment. So charged with 924C-1A2 pleaded to 924C-1A1. The district court in Ortiz-Perez imposed a sentence within the guidelines range for the two carjacking counts, but a sentence above the guidelines range for the down pleaded 924C count. So far, all of that should sound familiar because that's exactly what happened in Santiago's case. As the panel mentioned, with my opposing counsel, it was a within guidelines sentence for the two carjacking counts and an above guidelines sentence for the 924C count. And in evaluating how the district court explained the sentence in Ortiz-Perez, what this court said was that the defendant did not meet the, quote, heavy burden of challenging the sentence for the two carjacking counts because it was a within guidelines sentence. I think the same issue is true of Santiago's part. Argument on appeal, he doesn't make much of a developed argument about the two carjacking counts being within the guidelines. And under this court's precedent, it's presumptively reasonable. So then turning to the upwardly variant sentence for the 924C in Ortiz-Perez, what this court said was the district court did not offer a differentiated explanation for the carjacking counts versus the 924C count, but this court determined that it could deduce what led to the upward variance in Ortiz-Perez. Namely, the district court expressed concern that on two occasions, the defendant had brandished a firearm and there were consequent threats to life. That was not, according to this court, contemplated by the guidelines. And some of these details are in footnote four of this court's decision, but you can also look in Santiago's case at page nine of the sealed appendix. Page nine is the guidelines calculation, and you'll notice that the more serious carjacking in this case, the one where the Uber driver was kidnapped, received lower points among the two carjackings. And the only way that makes sense is section 2K24 of the guidelines, which says that if there's an accompanying 924C count, you don't get the enhancement under 2B3.1. So basically, if you look at the 26 on page nine of the sealed appendix, and then you look at the 27, there's no way the brandishing is contemplated by that 26 because it was part of the 924C. And moreover, it's not contemplated by the 924C because, as I mentioned, in comparing this case to Ortiz-Ferrez, the sentence was downpleaded from the 924C that includes brandishing to the 924C1A1 that does not include brandishing. So again, I'm asking this court to review Ortiz-Ferrez. I think it will be helpful. Let me ask you, even if it wasn't downplayed, let's assume that everything's there and it's exactly what happened. Would you agree with the judge below that there's two carjackings, one involves a kidnapping, the other, I believe that one also an ATM robbery, you look to seriously the offense. Is it sufficient, but not great and necessary, as Mr. Capolani is challenging, for 60 months to go up to 84 months? I think the district court was within its discretion, but two important distinctions from the case I'm analogizing to, one, he has conceded that plain error applies and Ortiz-Ferrez was on abusive discretion, so there should be more deference paid to the district court's sentence in this case, and he hasn't met his burden of plain error, and this case involves more counts, namely, including a kidnapping. So yes, I agree that this was a reasonable case. Let me ask also, I know there's opinions from this court that have either remanded cases, remanded or reversed cases, because the judge does not give a sufficient explanation. In your view, why is the judge's explanation sufficient here and if you could detail it a little bit, what the judge exactly said to do the variance? I'm sorry to sound like a broken record. I think that is squarely on point with what this court said in Ortiz-Ferrez. There were two carjackings, and this court said, it's apparent from the district court's expressed concern that the court gave particular weight to the brandishing of a firearm on two occasions and the consequent threats to life, and this court said that that was sufficient to explain. What I'm asking is, did Judge Bezosa specifically from the transcript state that again for sentencing? Yes, yes. Did he state that? Yes, the district court expressed concern just as it, it's the same judge, but just as the judge did in Ortiz-Ferrez, saying that it was concerned with the brandishing, and actually in this case, it was more aggravating. The district court gives the explanation, I believe, of ripping chains off one person's neck and then kidnapping the other individual, taking him to an ATM and forcing him to withdraw money. And if there's nothing else, we just ask the court to affirm the sentence. Thank you. Thank you, counsel. At this time, Attorney Kester Lang, please reintroduce yourself on the record. You have a two-minute rebuttal. And before your two minutes are left, before they start, before your two minutes start, let me also, and I'm gonna ask you a question again. You need a little bit, 30 more seconds to answer this, but in this case, there's no objections to the pre-sentence report, nor to the guideline calculations. And when I look at the pre-sentence report, for example, aside from everything that's been discussed about the offense conduct, this would be page six of the addendum, paragraph 16, for example, when the victim, the ATM machine robbery victim, Santiago Lozada, stood behind him, holding a firearm against his back. So that's another factor that has not been mentioned. So my question is really, there's no objection to the pre-sentence report. So obviously, and again, where's the plain error? Well, Your Honor, with all due respect, I think the government's argument is belied by the record. The court mentioning that there was brandishing and emphasizing brandishing was already clearly included in the guideline computation for the two offenses, where he got five levels of brandishing. Then he goes ahead and says, I could have given you two more points, but it's not true, it's two more years, like he was not doing it, and yet imposed a seven-year sentence on the firearm count, which we don't know why he went, when he said it wasn't brandishing, he did give him an extra two years when brandishing was already clearly included in the guideline. And to say that the taking of the chain of the two carjackings was not taken into consideration, I submit that the PSR is clear that forcing violence is included when you have a base offense level of 20. So the taking of a chain was already taken into account, the taking of the $340 was taken into account. So- But what I'm saying is in the pre-sentence work, specifically paragraph 16, page six, there's more than brandishing, and that's not objective in pre-sentence work. Basically, he's pointing the gun at the person. That's not just brandishing, that's actually using the gun. Well, he never fired at anyone, and brandishing, well, when you brandish a gun, you are, in fact, threatening the person with the gun. Using it, I believe, implies firing the weapon. Using it implies firing the weapon, not just brandishing it. He's holding here the firearm against the victim's waist. That's, to me, would seem to go beyond brandishing. If you want to finish up, you have 30 seconds. Well, Your Honor, again, the 24-months barren sentence, I believe, needed to be justified, and it wasn't. And we're not here to engage in speculation. The record is what controls, not what a prosecutor argues that the judge intended to do. When you say justified, you mean justified above and beyond what the guidelines already take into consideration? Yes, that's correct. When you have conduct that is already included in the guideline with the enhancements, your case law, and I, again, refer to the Santiago 999 Fed Threat at page 85, requires the judge to specify why this case is different from the ordinary carjacking case, where robberies occur, people are disposed of their cell phones, they're taken to remove money, they take money, they take the car. All of that is already taken into account, and this is not an exemplary different case from the ordinary carjacking when you don't even have physical injuries here. So why the extra 24 when he is allegedly not doing it because of brandage for use? He said, no, he didn't say this could be brandage, that he could have, but he didn't. So he's taking that out of the analysis. And so why do you have a 24-month variance sentence that distinguishes the case from the ordinary carjacking case? And when you add that he imposed the higher end of the guideline, a 20-year-old first-time offender that under the 123-months recommendation would be under the shoe of the correctional system for 15 years, Your Honor, I submit to you that if you look at the case and follow Garl, which says you have to look at all of the circumstances, not just concentrate on one, if you make that analysis, you will realize that this sentence was not justified according to the case law. Procedural error occurred, and the court should remand for resentencing before a different judge. Thank you, Mr. Castro. Let me ask Judge Montecarlo, do you have any follow-up questions? No, thank you. Okay, thank you very much. Thank you, Your Honor. Have a good day. Okay, let's call the next case. Thank you, that concludes argument in this case. Thank you.